FREDERICK B. LATHROP *vs.* JAMES S. O'BRIEN.

Argued May 3, 1894. Reversed May 7, 1894.

No. 8715.

**A tender refused on a specified ground waives others.**

Where objection to the sufficiency of a tender is made solely on a certain specified ground the party is precluded from afterwards raising another objection, at least where it is trifling in its nature, and such that, if made at the time, the other party might have easily remedied it.

Appeal by plaintiff, Frederick B. Lathrop, from a judgment of the District Court of Washington County, *W. C. Williston*, J., entered August 22, 1893, that he take nothing by his action.

EXHIBIT B.

Stillwater, Minn., August 15th, 1889.

Memorandum of agreement between Frederick B. Lathrop and James S. O'Brien in relation to timber lands described as follows, situated in Pine County, Minn., and Douglass County, Wis. (Here follows description of 640 acres in Pine County and 160 acres in Douglass County.) O'Brien agrees to give $3,250 for good title to same, and in cutting same if two millions are found according to Surveyor General's scale, he will pay to said Lathrop $250 more as commission. This in consideration of information and services of

said Lathrop.    F. B. Lathrop agrees to produce deeds for same from
owners.                                                J. S. O'Brien.
                                                       Fred'k B. Lathrop.

Henry C. Fuller of Lowell, Mass., held title to 800 acres of land
described in the foregoing contract.    The plaintiff, Frederick B.
Lathrop, was in communication with him but the defendant James
S. O'Brien did not know the name or residence of the owner, but
knew that Lathrop did know.    On the day of its date they entered
into the foregoing contract, Exhibit B.    On September 19, 1889,
Lathrop produced and tendered to O'Brien deeds from Fuller of all
these lands and also produced and tendered abstracts of title and
the unrecorded patents from the government and demanded $3,-
246.50.    O'Brien refused to accept or pay the money saying that
an additional forty acres of land mentioned by him should have
been included in the contract, Exhibit B., and in the deed to him
from Fuller and unless it also should be conveyed he would not
perform on his part.

There were in fact more than two millions feet of pine timber
on these lands.    Fuller subsequently sold these lands to others,
and on December 12, 1890, plaintiff brought this action against
O'Brien to recover the damages sustained by reason of his refusal
to perform, and claimed $496.50 and interest.    Defendant answered
that by mistake or fraud the additional forty acre tract was omitted
from the contract and deeds tendered and he based his defense
solely on that ground.    At the trial December 29, 1892, defendant
failed to prove such mistake or fraud, but his counsel claimed, and
the court found, that the fact that the patents were not recorded
in the Registry of Deeds of Pine County, Minn., and of Douglass
County, Wis., rendered the title not good within the terms of Ex-
hibit B., citing *George* v. *Conhaim*, 38 Minn. 338.    Findings of the
facts and conclusions of law were made and filed and judgment
ordered for defendant.    Among the findings was the following, viz.:

"That on September 19, 1889, at the time of the tender of the
deeds defendant did not object to such tender on the ground that
the patents tendered were not recorded in the counties respectively
wherein the lands therein described were situate; nor on the
ground that the fees for such recording of said patents or either of

them were not paid or tendered; and neither of such objections were made at said time."

Plaintiff made a case containing all the evidence and his exceptions and on it and the pleadings and files, moved for a new trial but was refused and judgment was entered that he take nothing. He appeals.

*Searles & Gail,* and *Frederick B. Lathrop,* for appellant.

Plaintiff was clearly entitled to the judgment demanded if the tender was good. The order for judgment for defendant was based solely on the ground that in the opinion of the court the tender was not good. Upon that assumption alone the judgment rests. The alleged defect in the tender arose from the fact that certain original patents were tendered but not recorded. This objection was not raised at the time of the tender, was not pleaded, was not raised at the trial, and was never mentioned until the argument.

Defendant relies on *George* v. *Conhaim,* 38 Minn. 338. It is not determined there that title cannot be good unless it is of record. That case simply decides that the vendee is entitled to the deed of the vendor and his personal covenants. It does not appear anywhere therein that title cannot be good unless it is of record.

The patents in evidence being regularly issued are conclusive: (1) Of the title in the grantee. (2) That the government has parted with its title and control of the land. (3) That all formalities preliminary to issue have been complied with. They cannot be collaterally attacked. They convey title by record. They are the highest evidence of title known to the law. It does not signify if they are never delivered, nor if they are lost, the record at Washington is of equal force and effect. *United States* v. *Schurz,* 102 U. S. 378; *Green* v. *Liter,* 8 Cranch, 229; *Smelting Co.* v. *Kemp,* 104 U. S. 636; *Gibson* v. *Chouteau,* 13 Wall. 92; *Bragnell* v. *Broderick,* 13 Pet. 436; *Leroy* v. *Jamison,* 3 Sawy. 391; *Gilmore* v. *Sapp,* 100 Ill. 297; *Donner* v. *Palmer,* 31 Cal. 500; *Weber* v. *Pere Marquette B. Co.,* 62 Mich. 636.

There can be no subsequent patent. The government having issued a patent has no power to issue another. Patents for lands

previously granted or reserved are void, not merely voidable, but void, and are open to collateral attack. *Burfenning* v. *Chicago, St. P., M. & O. Ry. Co.*, 46 Minn. 20; *Francoeur* v. *Newhouse*, 40 Fed. Rep. 618; *Doolan* v. *Carr*, 125 U. S. 618; *Morton* v. *Nebraska*, 21 Wall. 660; *Reichart* v. *Felps*, 6 Wall. 160; *Polk's Lessee* v. *Wendall*, 9 Cranch, 87; *United States* v. *Stone*, 2 Wall. 525.

Defendant cannot now avail himself of the objection that the patents were not locally recorded, because at the time of the tender he objected to it on other grounds and was silent on this. Where a specific objection is made to a tender, all others not mentioned are waived. *Cummings* v. *Rogers*, 36 Minn. 317; *Johnston* v. *Johnson*, 43 Minn. 5; *Nelson* v. *Robson*, 17 Minn. 284; *Drake* v. *Barton*, 18 Minn. 462; *Gould* v. *Banks*, 8 Wend. 562; *Whelan* v. *Reilly*, 61 Mo. 565; *Haskell* v. *Brewer*, 11 Me. 258; *Wood* v. *Babb*, 16 S. C. 427.

Upon well established principles an objection made at the time of the tender precludes all others and if that objection be not well grounded, the tender is good. *Moynahan* v. *Moore*, 9 Mich. 9; *Adams* v. *Helm*, 55 Mo. 471; *Wesley* v. *Noonan*, 31 Miss. 603; *Gilbert* v. *Mosier*, 11 Ia. 498; *Thayer* v. *Meeker*, 86 Ill. 470; *Lacy* v. *Wilson*, 24 Mich. 479; *Fosdick* v. *Van Husan*, 21 Mich. 567.

The findings of fact beyond question required that judgment should be ordered for plaintiff, for the relief demanded in the complaint and plaintiff requests this court to so order on the facts found. A new trial is unnecessary.

*Nethaway & Gillen*, for respondent.

The court below found as a fact that the several patents issued by the United States, but not recorded in the counties in which the lands were situate, were tendered to O'Brien, but neither at the time of making the tender or at any other time did Lathrop tender any fees for recording these patents. There were six of them, and it was this that the court below held was fatal to Lathrop's recovery, and the only fact which prevented the court below from ordering judgment for him. This is really the only question in the case.

O'Brien agreed to pay $3,250 for a good title to this land. When Lathrop tendered a lot of patents which constitute the chain of title

and which were unrecorded he was demanding of O'Brien more money than he agreed to pay for this land, viz., the $3,250 and an amount necessary to pay for recording the patents. It seems unnecessary to discuss this question any further in view of what is said by this court in *George* v. *Conhaim*, 38 Minn. 338.

MITCHELL, J. By the contract of the parties (Exhibit B) defendant agreed to give a specified sum for "good title" to the lands therein described, and the plaintiff agreed "to produce deeds for the same from the owners." Both parties understood that plaintiff was not the owner of the lands, but that the conveyances were to come from a third party.

It is undisputed that the title tendered to defendant by plaintiff was "good," unless it was for the fact that the original patents for the land (which were tendered with the deeds from the owner) had not been recorded in the counties where the lands were situated, and that no money was tendered to pay the expense of recording them; and it was solely on this ground that the trial court held that the tender was insufficient, and that defendant was justified in refusing to accept the deeds. It is undisputed that defendant expressly placed his refusal exclusively on the ground that the deeds did not include and convey a certain forty-acre tract not described in the contract, but which he claims should have been included. In his answer, also, he justifies his refusal to accept the deeds solely on this ground,—a claim which he failed to establish by evidence.

It is also undisputed that at the time the deeds were tendered the objection that the patents had not been recorded, and no money tendered to pay for recording them, was neither made nor suggested.

Conceding, for the sake of argument, that the tender was insufficient for the reasons stated, yet the defendant, having placed his refusal solely on a certain other specified objection, is precluded from now raising another objection, trifling in its character, and which, if made at the time, could have been easily remedied by the plaintiff. It does not appear how much it would have cost to record the patents,—six or seven in number,—but it could only have amounted to a few dollars at most. It appears that the amount of money demanded by plaintiff was $3.50 less than the sum named in the contract. The evidence is silent as to why this deduction was

made, but it is not a very violent assumption that it was designed
to meet the cost of recording patents; and, if so, the defendant did
not object to the sufficiency of the amount. But, however this may
be, upon the facts proved and found defendant must be held to have
waived the objections to the tender which he now urges.

The judgment is reversed, and the cause remanded, with direc-
tions to the court below to render judgment in favor of the plain-
tiff for the sum of $496.50, with interest from the commencement of
the action.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 987.)